Fernando REGALADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 46838.

Court of Criminal Appeals of Texas.

May 9, 1973.

Stewart Larry Victorson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Harry Tom Petersen, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This appeal is taken from an order revoking appellant's probation; a six-year sentence was assessed.

Appellant complains of an abuse of discretion by the trial judge in three separate allegations.

He first states that the court erred in revoking his probation since all the evidence used at the hearing was accomplice testimony. This Court has held that the testimony of an accomplice witness need not be corroborated in order for the evidence to be sufficient to support the decision of the court to revoke. Kelly v. State, 483 S.W.2d 467 (Tex.Cr.App.1972), citing Barnes v. State, 467 S.W.2d 437 (Tex.Cr. App.1971). We adhere to those decisions.

Appellant next contends that the State failed to prove up venue, since there was no direct evidence that the offense occurred in El Paso County, Texas. The conditions of probation imposed upon appellant recite that he "shall commit no offense against the laws of this or any other State or of the United States." Thus, this constituted the only burden upon the State at the revocation hearing in regard to this issue.

■ The appellant raised his objection at the conclusion of the hearing; no claim was advanced either at that time or on appeal that the offense took place either outside the State of Texas or outside the United States. Additionally, there was much circumstantial evidence adduced at trial that the offense took place in El Paso, Texas.[1] Though no harm is shown in the present case, we would certainly hope that in the future the place of the alleged offense would be shown with more clarity. The necessity is especially clear where, as in this case, the city involved lies in such close proximity to our neighboring nation of Mexico.

■ Finally, appellant contends that, since he is a heroin addict, he should have been committed to the Narcotics Rehabilitation Act Program instead of being imprisoned. The issue was presented to the trial judge. His decision presents no abuse of discretion.

The judgment is affirmed.

1. The evidence refers to various shopping centers and street names, indicating that the offense transpired in El Paso.