**Kenneth Ray WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62323.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 12, 1979.

Rehearing Denied Jan. 23, 1980.

H. J. Ledbetter, Jr., on appeal only, Abilene, for appellant.

Patricia A. Elliott, Dist. Atty. and Quanah Parker, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

In a trial before the court upon a plea of guilty, appellant was convicted of the offense of aggravated robbery on October 27, 1978. Punishment was assessed at six years, probated.

A motion to revoke was filed on January 8, 1979, and on February 13, 1979, the court revoked appellant's probation after finding that he had violated the terms of his probation in the following manner:

". . . (1) said probationer, Kenneth Ray Williams, on or about the 7th day of December, 1978, in the County of Taylor and State of Texas, did then and there knowingly and intentionally appropriated property, to-wit: a ladies beige dress with floral design of the value of over $5.00 and under $20.00 from H. A. Armstrong, the owner thereof, without the effective consent of the owner H. A. Armstrong, and with intent to deprive the said owner of said property."

Appellant maintains that the trial court abused its discretion in revoking his probation. He contends that the evidence is insufficient to show that the dress was taken without the effective consent of the owner.

Ulysses Teno, Jr., testified that he was the apparel manager for a K-Mart department store. Teno stated that on December 7, 1978, he observed appellant take a dress from a hanger. Appellant then put the dress inside his coat. Teno then notified a security guard concerning appellant's action in taking the dress.

With regard to ownership of the dress and the owner's consent to remove the dress from the store, Teno testified as follows:

"Q. All right. Did he have any permission from you or I believe it is stated here in the Motion to Revoke this man's probation, a Mr. H. A. Armstrong, would you tell us who Mr. H. A. Armstrong is?

"A. He's the manager of the entire store.

"Q. All right. And so he would be the person responsible for all property within the confines of K-Mart?

"A. Yes, he is.

"Q. All right. So, he would then be the constructive owner of that—

"A. Yes.

"Q. —property? All right. To your knowledge did the Defendant, Mr. Kenneth Williams, have your permission or the permission of Mr. Armstrong or anyone else's permission to appropriate that property?

"MR. LEDBETTER: Your Honor, I must object at this time. I believe the witness is qualified to testify as to his permission, but I don't believe at this time he is qualified to testify as to anyone else's permission before this Court of Law.

"THE COURT: Overruled.

"MR. LEDBETTER: Note our exception, Your Honor.

"Q. Can you answer the question for me?

"A. Not that I know of, no."

Armstrong did not testify. The dress which appellant allegedly took was never recovered.

Appellant denied having taken the dress from K-Mart. He stated that Teno must have seen him attempting to tuck his shirt-tail into his pants.

The State is required to prove every element of the offense in a probation revocation by a preponderance of the evidence. *Grant v. State*, 566 S.W.2d 954 (Tex.Cr. App.); *Reed v. State*, 533 S.W.2d 35 (Tex. Cr.App.). In the instant case, the State was required to prove by a preponderance of the evidence that appellant's appropriation of the dress was without the effective consent of Armstrong. See, V.T.C.A. Penal Code, Sec. 31.03(b)(1); *Walker v. State*, 591 S.W.2d 493 (1979); *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.).

In *Sizemore v. State*, 496 S.W.2d 80 (Tex.Cr.App.) it was noted that the rule had always been that circumstantial evidence cannot be used to show want of consent unless direct evidence is shown to be unavailable. This Court made an exception to the rule in *Sizemore*, holding that in revocation of probation cases "where the owner does not testify, want of consent may be proven by circumstantial evidence." In *Taylor v. State*, 508 S.W.2d 393 (Tex.Cr. App.), the rejection of the rule was complete. In *Taylor*, this Court held:

". . . We hold that proof of lack of consent to the entry and taking of personal property in prosecutions for burglary with intent to commit theft or theft may be made by circumstantial evidence the same as any other issue in a criminal case may be proved by circumstantial evidence. Cases holding to the contrary are overruled."

In determining whether there is circumstantial evidence to sustain a finding of want of consent, we look to additional testimony of the witness Teno. After testimony that he was observing appellant from an upstairs "security window," Teno testified on direct examination:

"Q. All right. And what were your observations?

"A. He [appellant] made several movements from one rack to another. He then stopped at one of the racks and dismounted one of the dresses from the hangers and then he moved back and pushing it behind his back up his coat which part of it stayed hanging.

"Q. All right. When you say 'part of it stayed hanging' do you mean it was hanging below the coat?

"A. Yes, sir, it was.

"Q. All right. What type of dress was this?

"A. It is was a printed rose dress with a beige background."

Under cross-examination it was developed that Teno could not see appellant during the time entailed in his going from upstairs to the first floor. In response to further cross-examination, Teno testified:

"Q. Now, you personally did not see him leave the store with anything— leave the store premises with anything?

"A. I did see him leave the store with the merchandise hanging from the back of his coat, yes."

While appellant's testimony is in conflict with that of Teno, it must be remembered that the trial court as judge of the facts in a revocation proceeding can resolve conflicts in testimony adversely to appellant or any other witness.

It is a completely unreasonable hypothesis that a person who had the consent of the owner of a store to take a dress would hide it under his coat after removing it from the rack and depart from the store with it almost completely concealed under his clothing. We find that the evidence excludes every reasonable hypothesis except that of guilt of appellant and conclude that the evidence supports the court's finding.

Appellant contends the court was in error in permitting the witness Teno to testify over objection "that appellant did not have the permission of H. A. Armstrong to appropriate the property, such evidence being hearsay."

Assuming arguendo, that the complained of testimony was hearsay, appellant notes in his brief that there is a "presumption that the trial court disregarded the testimony which is hearsay." Appellant then concludes that absent such testimony, there is insufficient evidence to support the court's finding. In light of our disposition of the first contention, we find no merit in appellant's argument.

Appellant contends the court abused its discretion in revoking probation in that the allegation in the motion to revoke that the offense occurred in "Taylor County, Texas" is not supported by the evidence.

In a revocation hearing the State only has the burden of proving that the probationer violated the laws of this State, some other state or the United States (in light of the condition of probation that he commit no offense against "the laws of this or any other State, or the United States"). *Davila v. State*, 547 S.W.2d 606 (Tex.Cr. App.); *Regalado v. State*, 494 S.W.2d 185 (Tex.Cr.App.).

In *Regalado* it was contended that the State had failed to prove that the offense which formed the basis for revocation occurred in El Paso County as alleged in the motion. In that case, unlike the case before us, the defendant raised an objection at the conclusion of the hearing. In the instant case, as in *Regalado*, no claim was advanced at the hearing or on appeal that the offense took place outside the United States. The hearing herein is shown to have been held in the 104th District Court in Abilene, Taylor County, Texas and the testimony is replete with references to addresses, such as "1342 Cedar," "K-Mart on North First," and "5034 North 9th," indicating the offense occurred in Abilene. The testimony of the witness Teno established the value of the dress in "Taylor County, Texas" further indicating that the offense occurred in Taylor County. Unlike *Regalado* where very similar circumstances were held to show that the offense occurred in El Paso, the city involved in the instant case is not in close proximity to a neighboring nation. We find no abuse of discretion in the trial court's action in revoking probation.

The judgment is affirmed.