**Daniel McWHORTER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–233–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 9, 1984.

John E. Wright, Malone, Walsh & Wright, Huntsville, for appellant.

Latham Boone, III, Asst. Dist. Atty., 12th Dist., Anderson, for appellee.

Before NYE, C.J., and KENNEDY and YOUNG, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order revoking probation.

The state brought a petition to revoke appellant's probation based upon the allegation that while on probation appellant committed the offense of burglary. Appellant was tried and found guilty of this burglary. The trial judge, who presided at the burglary trial, took judicial notice of the trial proceedings and revoked appellant's probation. In addition to appealing this revocation of probation, appellant has also appealed the burglary conviction. The Court of Appeals at Waco initially affirmed the burglary conviction. Appellant then petitioned the Court of Criminal Appeals which reversed the case and remanded for consideration of appellant's first and second grounds of error *McWhorter v. State*, No. 042–83 (June 29, 1983). The Waco

Court, in an unpublished opinion, reversed the case on remand, holding that appellant's confession was inadmissible because he had not received proper warnings under TEX.CODE CRIM.PROC. art. 38.22 (Vernon Supp.1982–1983).

Appellant here raises all grounds of error which he presented to the Waco Court and to the Court of Criminal Appeals. In addition to these grounds, he also alleges that the trial court erred in taking judicial notice of the statement of facts in the burglary trial because counsel at the revocation hearing was not the same attorney as at trial. At the revocation hearing appellant's objection was:

"Your Honor, I object to the testimony being offered by the district attorney at this time both as to the indictment and this subsequent conviction. I think the best evidence would require that we have those documents here in the courtroom and ready to present to the Judge for his scrutiny and truth of the matters stated therein."

The objection on appeal that counsel at trial was different from counsel at the revocation hearing does not comport with his objection at trial. The trial objection was a best evidence objection. Therefore, nothing is preserved for review. *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr.App.1979). Complaint about the propriety of judicial notice may not be raised for the first time on appeal. *Broussard v. State*, 598 S.W.2d 873 (Tex.Cr.App.1980). Appellant's first ground of error is overruled.

In appellant's other grounds of error, he complains of the admission into evidence of his confession because it was received under conditions which violated TEX.CODE CRIM.PROC. art. 38.22. The confession, as noted earlier, was held inadmissible by the Waco Court. The question before this Court is whether there was sufficient evidence for the trial court to revoke appellant's probation, considering the holding of the Waco Court that the confession is inadmissible. The State satisfies its burden of proof when the greater

weight of the credible evidence before the court creates a reasonable belief that the condition of probation has been violated. *Taylor v. State,* 604 S.W.2d 175 (Tex.Cr. App.1980). The court may, in its discretion, revoke probation when the state has proven by a preponderance of the evidence each element of its case. *Battle v. State,* 571 S.W.2d 20 (Tex.Cr.App.1978). The only reviewable issue is whether the court abused its discretion. *Barnett v. State,* 615 S.W.2d 220 (Tex.Cr.App.1981).

The State alleged as grounds for its motion to revoke probation that the appellant had violated the condition of probation that he "commit no offense against the laws of this State or any other State in the United States," and that appellant had violated the law of the State of Texas by committing a burglary in Madison County, Texas. The evidence which was before the trial judge at the revocation hearing was the record that he had judicially noticed. The record included appellant's confession even though the Waco Court of Appeals held it to be improperly admitted by the trial court. The testimony of appellant's alleged accomplice, Bert Moore, was also included in the record. Moore testified that the appellant had entered Carter's grocery store in Madisonville with him by prying open a door with an iron bar. Moore said that the appellant and he had taken property from the store. Moore didn't remember exactly what property they had taken, but testified that he, Ben Roberson and appellant took something from the store. John Carter, the owner of the Carter's grocery store in Madison County, testified to the facts and circumstances surrounding the burglary of his building. The testimony of an accomplice witness need not be corroborated in order for the evidence to be sufficient to revoke probation. *Regalado v. State,* 494 S.W.2d 185 (Tex.Cr. App.1973).

We hold that the testimony before the trial court was sufficient to support the trial court's decision to revoke appellant's probation. The judgment of the trial court revoking appellant's probation is affirmed.