Saundra Kay **MITCHELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09 84 147 CR.

Court of Appeals of Texas, Beaumont.

May 22, 1985.

Petition for Discretionary Review June 19, 1985.

---

Joseph C. Hawthorn, Beaumont, for appellant.

John R. DeWitt, Ass't Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

In a non-jury trial appellant entered a plea of nolo contendere to the offense of felony theft. The court found her guilty, placed her on probation for ten years, assessed a find of $1,000.00, and as a condition of her probation ordered restitution in the amount of $8,559.97.

The third count of the indictment, upon which the State proceeded to trial, alleged appellant:

[D]id then and there unlawfully, intentionally and knowingly appropriate property ... namely: Current money of the United States of America, owned by the Beaumont Independent School District ... of the value of at least Two Hundred and No/100 ($200.00) dollars but less than Ten Thousand and No/100 ($10,-000.00) dollars....

Appellant brings forward two grounds of error contending (1) the State failed to prove the Beaumont Independent School District (B.I.S.D.) was the owner of the property and (2) the State failed to prove the appropriation was without the effective consent of the B.I.S.D.

The record in this case consists of all the material contained in State's Exhibit No. 2 which was introduced, without objection, pursuant to appellant's written "Stipulation of Evidence", in which she waived her right to the appearance, confrontation, and cross-examination of witnesses, and further and expressly consented either to an oral stipulation of the evidence and testimony, or "to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence in support of the judgment of the Court." By the express terms of this waiver, agreement and stipulation, the trial court was authorized to consider the contents of the exhibit as representing testimony to each fact and circumstance related in or reflected by the reports, affidavits, statements, letters, and other documents contained in the exhibit, just as though the appropriate witnesses had appeared in person and testified to such facts. *Knight v. State*, 581 S.W.2d 692 (Tex.Crim.App.1979); *Hammond v. State*, 470 S.W.2d 683 (Tex.Crim.App.1971).

The standard of review of sufficiency of evidence questions is whether, upon a review of all the evidence in the light most favorable to the verdict or judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801 (Tex.Crim.App.1984). Further, in making such a finding, a trial judge, when acting as trier of fact, may draw reasonable inferences from the stipulated facts. *Ledesma v. State*, 677 S.W.2d 529 (Tex.Crim.App.1984).

The record before us reveals that appellant was employed by B.I.S.D. as a bookkeeper for the French High School, a public school within the territorial limits and under the jurisdiction of B.I.S.D. She was the sole custodian of all funds raised by certain student activities and was in charge of collecting such funds, issuing receipts and depositing all moneys collected into an account in the Beaumont State Bank styled French High School, account No. 00–31–278. Appellant was assigned to such position on or about December 16, 1981, and was so employed until July 8, 1982, at which time her employment was terminated by B.I.S.D.

The evidence shows that during this seven month period of employment appellant received certain moneys, on different dates, in her capacity as bookkeeper but did not deposit same in the French High School bank account. The total sum of money not so deposited, and appropriated from the school, was found by the trial judge to be $8,559.97.

When the shortage was discovered, the matter was reported to the B.I.S.D. auditor who investigated the shortage, and independent auditors of B.I.S.D. also investigated and reported the shortage of B.I.S.D. The evidence shows that appellant was "bonded" because of her responsibility in handling these funds, and that when the bonding company paid the loss occasioned by her theft, it paid B.I.S.D. such loss.

*TEX.EDUC.CODE ANN. § 23.01* (Vernon.Supp.1985) provides:

> The public schools of an independent school district shall be under the control and management of a board of seven trustees.

*TEX.EDUC.CODE ANN. § 23.26* (Vernon 1972) provides that the trustees shall constitute a body corporate and in the name of the school district may acquire and hold real and personal property, sue and be sued, and receive bequests and donations or other moneys or funds coming legally into their hands. This section further provides that the school district, acting by and through the trustees, shall have the exclusive power to manage and govern the public free schools of the district.

■ "Owner" as defined in the *TEX.PENAL CODE ANN. § 1.07(a)(24)* (Vernon 1974), means a person "who has title to the

property, possession of the property, whether lawful or not, or a greater right to possession than the actor." Accordingly, there may be more than one possible "owner" of the property. Where there is more than one possible "owner" of the property, ownership may be alleged and proven in any one of them. *TEX.CODE CRIM. PROC.ANN. art. 21.08* (Vernon.Supp. 1985).

 The evidence introduced in this case and the provisions of the Texas Education Code quoted above, clearly establishes that B.I.S.D. had a greater right to possession of the funds than appellant, and was therefore an owner of the funds as defined by *TEX.CODE CRIM.PROC.ANN. art. 21.08,* supra.

Appellant next argues that since there is no direct proof from any witnesses that B.I.S.D., or any person representing B.I.S.D., did not give its consent to the appropriation of the money by appellant, and therefore the conviction cannot stand.

Proof of lack of consent to the taking of property in prosecution for theft may be made by circumstantial evidence, and it is not necessary that there be direct testimony from the owner or someone having legal capacity to speak for the owner. *Williams v. State,* 591 S.W.2d 873 (Tex.Crim.App.1980); *Taylor v. State,* 508 S.W.2d 393 (Tex.Crim.App.1974).

The evidence revealed by the record, some of which we have referred to above, is sufficient to prove that B.I.S.D. did not give its consent to appellant's appropriation of the funds. These funds were taken by appellant at different times and in different amounts over a lengthy period of time. The evidence shows that B.I.S.D., or anyone acting for it, did not know that such appropriation was being made. In the absence of knowledge of the appropriation, either at the time or of the amount so appropriated, B.I.S.D. could not have given its consent.

Moreover, B.I.S.D. is a political subdivision of the State, created and existing under certain general statutes of the State, to wit: Chapters 19 and 23 of the Texas Education Code. Pursuant to *TEX. CONST. art. III, § 52(a)* (1876, amended 1978) and *art. XVI, § 6* (1876, amended 1966), such political subdivisions and all of their officers are totally without power or authority to consent to the payment of any of their funds which is not made in return for goods or services for the political subdivision, or to permit any appropriation of such funds for private or individual purposes. Therefore B.I.S.D. could not give its effective consent to appellant's appropriation of such funds. *Carrillo v. State,* 566 S.W.2d 902 (Tex.Crim.App.1978). *See also* Op.Tex.Att'y Gen. No. MW–89 (1979).

The judgment is affirmed.