Herrick v. State 






 AFFIRMED 
MAY 10, 1990 

NO. 10-89-276-CR
Trial Court
# 17,485-361
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

JOHN DAVID HERRICK,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 361st Judicial District Court
Brazos County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
On June 26, 1987, Appellant pleaded guilty to the offense of
terroristic threats. See TEX. PENAL CODE ANN. § 22.07(a)(4)
(Vernon 1989). The court deferred adjudication of guilt and placed
him on probation for two years. See TEX. CODE CRIM. PROC. ANN.
art. 42.12(3) (Vernon Supp. 1990). On May 4, 1989, a hearing was
held and the court determined that Appellant had failed to comply
with the conditions of his probation. Appellant was sentenced to
two years in jail, which were probated for two years. On August
24, Appellant was arrested and charged with the unauthorized use of
a vehicle. See TEX. PENAL CODE ANN. § 31.07(a) (Vernon 1989). The
court held a hearing on November 29, revoked Appellant's probation,
and sentenced him to two years in jail. The judgment will be
affirmed.
Appellant's only point is that the court abused its discretion
when it revoked his probation. He claims the evidence was
insufficient to support a finding of "true" to the charge of
unauthorized use of a vehicle because the State failed to prove
that: (1) he intentionally and knowingly operated the vehicle in
question; (2) he knew that he did not have the effective consent of
the vehicle's owner; and (3) the offense occurred in Harris County.
The state has the burden of proving every element of the
offense relied on as a basis for revocation of probation by a
preponderance of the evidence. Cross v. State, 586 S.W.2d 478, 481
(Tex. Crim. App. 1979). When the sufficiency of the evidence is
challenged, the evidence is viewed in the light most favorable to
the court's findings. Garrett v. State, 619 S.W.2d 172, 174 (Tex.
Crim. App. [Panel Op.] 1981). Furthermore, the court is the judge
of the credibility of the witnesses and the weight to be given
their testimony. Id.
Appellant argues that Officer Lehmiller did not actually see
him drive the vehicle, and that, thus, the evidence was
insufficient to show that he operated the vehicle. Lehmiller
testified that when he approached the car, which had been reported
stolen, Appellant was sitting in the driver's seat and the engine
was running. He said Appellant admitted that he "brought the car
down from Bryan." Circumstantial evidence is sufficient to prove
any issue in a criminal case. See Taylor v. State, 508 S.W.2d 393,
397 (Tex. Crim. App. 1974). This evidence was sufficient to
establish that Appellant operated the vehicle in question.
Appellant claims the State failed to prove that he knew he did
not have the owner's consent to operate the vehicle. He alleges
that Johnny Lampo, the vehicle's owner, gave him a set of keys and
told him he could use the car whenever he desired. Lampo testified
that Appellant was required to ask permission each time he used the
vehicle; that on several occasions he had refused Appellant's
request to use the vehicle; that he did not give Appellant a set of
keys to the vehicle; and that Appellant did not receive his
effective consent to operate the vehicle on August 24. This
evidence was sufficient to support the finding that Appellant did
not have Lampo's consent to operate the vehicle.
When the evidence is viewed in the light most favorable to the
court's findings, the State met its burden of proving by a
preponderance of the evidence that Appellant "violated the laws of
this State, some other state, or the United States." See Williams
v. State, 591 S.W.2d 873, 876 (Tex. Crim. App. [Panel Op.] 1979). 
Therefore, the court did not abuse its discretion when it revoked
Appellant's probation. Point one is overruled. The judgment is
affirmed.
 
                   
BOB L. THOMAS
DO NOT PUBLISHChief Justice



160;  This case presents a good example. This is an original proceeding. There are still many
issues that have not been determined by the trial court. We have no authority to find facts. We
should not comment on the events which have not been determined by a fact finder vested with
the authority to determine such facts, especially when those comments may impact the trial court’s
determination of pending matters. Such judicial restraint is important, because, from my
examination of the record in this case, I do not find that it supports the facts or abuse of the system
suggested by the majority. Any discussion or analysis other than determining the proper
application of the statute to the record before us should be left to the legislature. 
 
                                                                         TOM GRAY
                                                                         Justice

Concurring opinion delivered and filed October 22, 1999
Publish