No. 04-00-00364-CR



Isidro Lopez MARTINEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 1995-CR-3302


Honorable Raymond Angelini, Judge Presiding



Opinion by: Tom Rickhoff, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: July 31, 2001


AFFIRMED

 Appellant Isidro Lopez Martinez pled guilty to a charge of possession of cocaine and was
placed on community supervision for four years. After a hearing on a motion to revoke, the trial
court sentenced Martinez to two years confinement. In two issues, Martinez asserts the State failed
to show due diligence in his arrest, and the State failed to prove a DWI which was the basis for the
revocation. We conclude the State met its burden of proof and showed due diligence in the arrest
of Martinez; the trial court, therefore, did not abuse its discretion in failing to dismiss the motion to
revoke probation. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND


 Martinez was charged in 1995 with the offense of possession of cocaine. He pled guilty to
the offense and was sentenced to two years in jail. The sentence was suspended and probated for
four years. The first motion to revoke probation was filed in 1996 when Martinez tested positive for
drugs in a urinalysis test. He was sent to inpatient drug treatment and put back on probation. The
second motion to revoke probation was filed on November 17, 1998 pursuant to a DWI offense that
occurred on September 26, 1998. The motion also asserted Martinez failed to report and pay fees.
The capias for Martinez's arrest were issued on November 23, 1998. His probationary term ended
on October 2, 1999. He was not arrested until April 11, 2000. Martinez filed a motion to dismiss
the motion to revoke probation stating that the State failed to exercise due diligence in apprehending
Martinez. At the hearing, Martinez entered a plea of not true, the trial court overruled the motion
to dismiss, and the motion to revoke was granted. Martinez was sentenced to two years confinement
in jail. Martinez appeals.

DUE DILIGENCE


 Trial courts have the jurisdiction to revoke probation after the expiration of the probationary
term if a motion to revoke is filed and the capias is issued before the expiration of probation.
Brecheisen v. State, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999). The State must show it exercised
due diligence in executing the capias issued on the motion to revoke. Id. The defendant must raise
the issue of due diligence at the revocation hearing. Id. Upon raising such, the burden shifts to the
State to establish due diligence. Id.

 In Rodriguez v. State, 804 S.W.2d 516 (Tex. Crim. App. 1991) (per curiam) and Harris v.
State, 843 S.W.2d 34 (Tex. Crim. App. 1992), the Court of Criminal Appeals focused on the effort
to apprehend the probationer between the filing of the motion to revoke and issuance of the arrest
warrant and the time of apprehension. In Rodriguez, the defendant was arrested two years after the
motion to revoke was filed and over a year after the probation period expired. Rodriguez, 804
S.W.2d at 517. In Harris, the defendant was not arrested until ten years after the motion to revoke
was filed and a capias was issued. Harris, 843 S.W.2d at 36. In each case, however, the evidence
clearly established that the probation office knew the defendant's address at all times, but neither the
police nor the probation officer tried to contact him. See id. The Court found a lack of due diligence
in both cases. See id.

 In Strickland v. State, 523 S.W.2d 250 (Tex. Crim. App. 1975), eight months elapsed
between filing of the motion to revoke and the issuance of an arrest warrant and the date Strickland
was apprehended. Strickland, 523 S.W.2d at 251. On appeal, Strickland complained of a lack of due
diligence by the State in locating and apprehending him. See id. However, this delay was explained
when it was proven that Strickland's address at the time the motion to revoke was filed was entirely
different from the address he had reported to the probation office. See id. The Court held, in light
of his failure to report his change of address to the probation office, that the delay of eight months
from the issuance of the warrant until its execution did not constitute a lack of diligent effort to
apprehend. Id.

 The State filed the motion to revoke and the capias for Martinez's arrest before the end of his
probationary period. Martinez was not arrested until six months after his probationary period had
expired and eighteen months after the capias was issued. Martinez filed a timely motion to dismiss
the motion to revoke complaining of lack of due diligence. The State had the burden to prove by a
preponderance of the evidence that due diligence was exercised in apprehending Martinez.
Rodriguez, 804 S.W.2d at 519.

 At the hearing, Martinez questioned the probation officer about the efforts taken to contact
him after the motion to revoke was filed. The officer stated that one letter was sent to Martinez's
last reported address, but the letter was returned indicating that he no longer lived at that location.
No other steps were taken by the officer to locate Martinez. There were additional phone numbers
and addresses for Martinez's brother and his employers. Martinez contends that he was not trying
to hide or evade arrest. However, Martinez testified as follows:

 Q: Where have you been living since October 2nd of 1999? 

 A: 695 McLaughlin, San Antonio, Texas.

 Q: How long since you've lived at 231 Carlisle?

 A: I moved on May 3rd, 1999.

 Q: Why didn't you provide the new address to your probation officer when you
moved from your Carlisle address?

 A: Because on the last date that I reported after the DWI, I did not come to
Court and I could feel inside that I was going to be arrested because I was
behind on my payments to probation. Because I made - I was making very
little money and I couldn't pay them, so then I could feel inside that they
might arrest me, and I didn't report.

 Q: So you knew there was a possibility that if you gave them your new
information it might lead to your arrest?

 A: I never thought that, actually I didn't know.


 The State concedes that the evidence of due diligence in this case is not overwhelming. Under
Strickland, the evidence is sufficient. The record indicates that Martinez failed to report his change
of address because he had a feeling he might be arrested. The trial court is the exclusive trier of fact
at a revocation hearing. Story v. State, 614 S.W.2d 162, 164 (Tex. Crim. App. [Panel Op.] 1981).
Based on Martinez's testimony, the court could have reasonably found that Martinez, not the State,
was responsible for the delay in apprehension. We hold the trial court did not abuse its discretion in
overruling the motion to dismiss. Martinez's first issue is overruled.

 In Martinez's second issue, he contends that the State failed to prove all the elements of the
underlying offense. Martinez specifically asserts the State failed to establish venue in Bexar County.
The supplemental record with the evidence concerning the DWI violation shows that a San Antonio
police officer stopped and arrested Martinez for DWI. The officer testified that he observed Martinez
weaving from lane to lane, and nearly struck a pole. Martinez smelled of beer and admitted to
consuming a twelve pack of beer. The officer conducted field sobriety tests, which Martinez failed.
The evidence is sufficient to establish that Martinez was driving while intoxicated. Proof of venue
is not required in a revocation hearing. See Williams v. State, 591 S.W.2d 873, 876 (Tex. Crim. App.
[Panel Op.] 1979); Regalado v. State, 494 S.W.2d 185, 185 (Tex. Crim. App. 1973). The State need
prove only that Martinez violated the terms of his probation, i.e., that he committed an offense against
the laws of the State of Texas. See Williams, 591 S.W.2d at 876. The evidence is sufficient to show
Martinez committed an offense against the laws of the State of Texas. We overrule Martinez's second
issue.

 The judgment of the trial court is affirmed.


 Tom Rickhoff, Justice

DO NOT PUBLISH