NO. 07-01-0155-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 7, 2003


______________________________



MARVIN WARE
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 174TH DISTRICT COURT OF HARRIS COUNTY;



NO. 858,829; HON. JON H. HUGHES, PRESIDING


_______________________________



Before JOHNSON, CJ., QUINN, J. and BOYD, SJ. (1)

 In one issue, appellant Marvin Ware contends the evidence is legally and factually
insufficient to sustain his conviction of the offense of theft by a public servant. We affirm
the judgment of the trial court. 

 Background

 Appellant was a bus driver for the Metropolitan Transit Authority of Harris County. 
On September 5, 2000, the Metro Police began an operation to investigate problems with
personal property being turned into the lost and found department. As part of this
investigation, Officer Willie Hernandez boarded the bus driven by appellant at the first stop
and took a seat near the front. Several stops later, another officer, Yvette Pitts, boarded
the bus and took a seat near the rear of the bus. After a few minutes, Pitts took a wallet 
to appellant which she claimed had been left on the bus. The wallet contained $30 in cash
as well as a number of business cards which had been furnished by the Metro Police. The
officers exited at the last stop, and Officer Marvin Ledet followed the bus back to its facility
in an unmarked car. A superintendent of the facility, Richard Forbus, watched to see if
appellant turned the wallet into the Transit Authority, which he did not. Officer Ledet then
observed appellant walk back toward where the buses were parked and go through a
wallet. Appellant threw the wallet in a trash can where Ledet retrieved it after appellant
left the area. The money was missing, and the business cards and papers had been
moved from their respective compartments. 

 Issues One and Two - Sufficiency of the Evidence 

 In issues one and two, appellant challenges the legal and factual sufficiency of the
evidence to sustain his conviction. We overrule the issues.

 The standards of review applicable in determining the legal and factual sufficiency
of the evidence are well settled. We will not reiterate them but rather refer the litigants to
Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), King v.
State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000), and Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996) for explanations of the same. 

 A person commits the offense of theft if he unlawfully appropriates property with the
intent to deprive the owner of the property. Tex. Pen. Code Ann. §31.03(a) (Vernon Supp.
2003). To "appropriate" means to acquire or otherwise exercise control over property
other than real property. Id. §31.01(4). Appropriation of property is unlawful if it is without
the owner's effective consent. Id.§31.03(b). Effective consent includes consent by a
person legally authorized to act for the owner. Id. §31.01(3). For purposes of punishment,
an offense is increased to the next higher offense if the actor was a public servant at the
time of the offense and the property appropriated came into his custody, possession, or
control by virtue of his status as a public servant. Id. §31.03(f)(1). 

 Appellant contends that, although he exercised care, custody, and control over the
wallet at one point, there is no evidence that he removed money from the wallet. This is
so, he argues, because none of the officers saw him with any money, and none of the
marked bills in the wallet were recovered. Further, an attempted video tape of the event
did not record properly. 

 Both lack of consent and intent to deprive may be shown by circumstantial
evidence. See Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981) (holding that
intent to deprive may be determined from acts and words of the accused); Williams v.
State, 591 S.W.2d 873, 875 (Tex. Crim. App. 1979) (holding that lack of consent may be
proved by circumstantial evidence). Further, a defendant may be convicted of theft without
being seen with or found in possession of the stolen property, although lack of possession
is a factor to be considered in a circumstantial evidence case. King v. State, 712 S.W.2d
799, 801 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd). In Carter v. State, 414 S.W.2d
663, 665 (Tex. Crim. App. 1967), the evidence that the defendant was the last person seen
in the possession of clothing before its loss was discovered and that she was seen leaving
the store carrying a large purse was sufficient to warrant a finding that the defendant
removed the clothing from the store with the intent to deprive the owner of the same and
appropriate it for her own use, even though the clothing was never recovered. 

 In this instance, 1) Officer Pitts gave a wallet to appellant containing $30 that she
claimed to have found on the bus; 2) Officer Hernandez observed appellant at all times
after receiving the wallet until the bus reached its last stop and stated that the wallet was
still in appellant's possession when he exited the bus; 3) Officer Ledet observed appellant
leave the bus at the bus facility and head to the Transit Authority "starter's" office where
drivers pick up their schedules and turn in found property; 4) Mr. Forbus testified that no
property was handed by appellant to the person in that office; 5) Officer Ledet watched
as appellant headed back toward the bus, went through a wallet, threw the wallet in a trash
can, and left the area; 6) Ledet retrieved the wallet and identified it as the one that had
been given to appellant on the bus; 7) the money originally in the wallet was missing when
the wallet was retrieved by Ledet; and 8) the other items in the wallet had been moved
around. Viewing this evidence in its most favorable light, a rational trier of fact could have
reasonably inferred, beyond reasonable doubt, that appellant unlawfully appropriated the
money with the intent to deprive the owner of it. Further, that finding is not manifestly
unjust or clearly wrong when tested against the entire record. Accordingly, the evidence
is neither legally nor factually insufficient to support the verdict. 

 We affirm the judgment of the trial court.


 Brian Quinn

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon 1998). 



 to trigger the inquiry . . . .
this factor weighs heavily in favor of finding a violation of appellant’s right to a speedy trial.” 
Id. (involving a 38-month period). 
          With respect to the reason for the delay, both parties acknowledge that the original
judge disqualified himself and that the appointed judge retired while the proceeding was
pending.


 However, these matters do not explain a five-year delay in the trial. Given the
lack of such explanation, a “court may presume neither a deliberate attempt on the part of
the State to prejudice the defense nor a valid reason for the delay.” Dragoo v. State, 96
S.W.3d at 314. And, in such instances, the factor weighs against the State, but not
heavily. Id. 
          Next, the record shows that appellant said nothing about her right to a speedy trial
until she filed a motion to dismiss two months before trial. Such a delay in asserting the
right makes it difficult for her to prevail. Shaw v. State, 117 S.W.3d at 890. This is so
because it “indicates strongly that [she] did not really want . . . [a speedy trial] and that
[she] was not prejudiced by not having one.” Id. The longer the silence, the more likely
it is that a defendant who actually wanted a speedy trial would have acted to obtain one. 
Id. Thus, appellant’s silence not only strikes heavily against her, it also rebuffs any
presumption of prejudice to which she may have been entitled. See id. 
          Finally, the only prejudice appellant claimed to have suffered at the hearing was that
“witnesses’ memories are diminished in that length of time.” Yet, appellant tendered no
evidence to support the allegation at the hearing on her motion to dismiss. 
          In sum, while some of the factors bode against the State, one is not accorded much 
weight. Furthermore, the trial court also had basis to conclude that by withholding her
complaint until shortly before trial, the balance of the factors weighed against appellant. 
Thus, we cannot say that the decision of the court lacked evidentiary support or failed to
comport with the law, and we overrule the issue. See Shaw v. State, 117 S.W.3d at 890-91 (finding that an unjustified 3½ year delay without objection until the eve of trial did not
violate the defendant’s right to a speedy trial); Anderson v. State, 8 S.W.3d 387 (Tex. App.
–Amarillo 1999, pet. ref’d) (noting that a six-year delay was not sufficient to dismiss the
prosecution). 
          Issue 2 - Sufficiency of the Evidence
          Next, appellant claims the evidence was legally and factually insufficient to support
her conviction. We overrule the issue.
          The standards by which we review the sufficiency of the evidence are set forth in
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v.
State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to them for
explanation. 
          At trial, several witnesses testified for the State. Most of these witnesses were
underage at the time of the event, and all of them had little or no independent recollection
of the incident in question. However, their written statements, executed at the time of the
incident, were admitted into evidence, and various of those statements inculpated
appellant as the one who brought alcoholic beverages to the party.


 In contrast to the four
statements, appellant and her daughter Lauren both testified that appellant did not bring
any beer to the party. There was also evidence that some of the youths gave their
statement to avoid a citation for “minor in possession” or to retrieve personal property that
was supposedly taken from them by the police. Other evidence indicates that the
statements were dated prior to the date the event allegedly occurred. Nevertheless, these
circumstances simply raised issues of credibility for resolution of the factfinder. We do not
find the manner in which those issues were resolved to be so against the great weight of
the evidence or sufficient to undermine our confidence in the verdict. In sum, the evidence
is both legally and factually sufficient. 
          The judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.