NO. 07-01-0155-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 7, 2003

_____

MARVIN WARE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 174TH DISTRICT COURT OF HARRIS COUNTY;

NO. 858,829; HON. JON H. HUGHES, PRESIDING

_____

Before JOHNSON, CJ., QUINN, J. and BOYD, SJ.[1]

In one issue, appellant Marvin Ware contends the evidence is legally and factually insufficient to sustain his conviction of the offense of theft by a public servant. We affirm the judgment of the trial court.

### *Background*

Appellant was a bus driver for the Metropolitan Transit Authority of Harris County. On September 5, 2000, the Metro Police began an operation to investigate problems with

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 1998).

personal property being turned into the lost and found department. As part of this investigation, Officer Willie Hernandez boarded the bus driven by appellant at the first stop and took a seat near the front. Several stops later, another officer, Yvette Pitts, boarded the bus and took a seat near the rear of the bus. After a few minutes, Pitts took a wallet to appellant which she claimed had been left on the bus. The wallet contained $30 in cash as well as a number of business cards which had been furnished by the Metro Police. The officers exited at the last stop, and Officer Marvin Ledet followed the bus back to its facility in an unmarked car. A superintendent of the facility, Richard Forbus, watched to see if appellant turned the wallet into the Transit Authority, which he did not. Officer Ledet then observed appellant walk back toward where the buses were parked and go through a wallet. Appellant threw the wallet in a trash can where Ledet retrieved it after appellant left the area. The money was missing, and the business cards and papers had been moved from their respective compartments.

### *Issues One and Two - Sufficiency of the Evidence*

In issues one and two, appellant challenges the legal and factual sufficiency of the evidence to sustain his conviction. We overrule the issues.

The standards of review applicable in determining the legal and factual sufficiency of the evidence are well settled. We will not reiterate them but rather refer the litigants to *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000), and *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) for explanations of the same.

2

A person commits the offense of theft if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PEN. CODE ANN. §31.03(a) (Vernon Supp. 2003). To "appropriate" means to acquire or otherwise exercise control over property other than real property. *Id.* §31.01(4). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.*§31.03(b). Effective consent includes consent by a person legally authorized to act for the owner. *Id.* §31.01(3). For purposes of punishment, an offense is increased to the next higher offense if the actor was a public servant at the time of the offense and the property appropriated came into his custody, possession, or control by virtue of his status as a public servant. *Id.* §31.03(f)(1).

Appellant contends that, although he exercised care, custody, and control over the wallet at one point, there is no evidence that he removed money from the wallet. This is so, he argues, because none of the officers saw him with any money, and none of the marked bills in the wallet were recovered. Further, an attempted video tape of the event did not record properly.

Both lack of consent and intent to deprive may be shown by circumstantial evidence. *See Griffin v. State,* 614 S.W.2d 155, 159 (Tex. Crim. App. 1981) (holding that intent to deprive may be determined from acts and words of the accused); *Williams v. State,* 591 S.W.2d 873, 875 (Tex. Crim. App. 1979) (holding that lack of consent may be proved by circumstantial evidence). Further, a defendant may be convicted of theft without being seen with or found in possession of the stolen property, although lack of possession is a factor to be considered in a circumstantial evidence case. *King v. State,* 712 S.W.2d 799, 801 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). In *Carter v. State,* 414 S.W.2d

3

663, 665 (Tex. Crim. App. 1967), the evidence that the defendant was the last person seen in the possession of clothing before its loss was discovered and that she was seen leaving the store carrying a large purse was sufficient to warrant a finding that the defendant removed the clothing from the store with the intent to deprive the owner of the same and appropriate it for her own use, even though the clothing was never recovered.

In this instance, 1) Officer Pitts gave a wallet to appellant containing $30 that she claimed to have found on the bus; 2) Officer Hernandez observed appellant at all times after receiving the wallet until the bus reached its last stop and stated that the wallet was still in appellant's possession when he exited the bus; 3) Officer Ledet observed appellant leave the bus at the bus facility and head to the Transit Authority "starter's" office where drivers pick up their schedules and turn in found property; 4) Mr. Forbus testified that no property was handed by appellant to the person in that office; 5) Officer Ledet watched as appellant headed back toward the bus, went through a wallet, threw the wallet in a trash can, and left the area; 6) Ledet retrieved the wallet and identified it as the one that had been given to appellant on the bus; 7) the money originally in the wallet was missing when the wallet was retrieved by Ledet; and 8) the other items in the wallet had been moved around. Viewing this evidence in its most favorable light, a rational trier of fact could have reasonably inferred, beyond reasonable doubt, that appellant unlawfully appropriated the money with the intent to deprive the owner of it. Further, that finding is not manifestly unjust or clearly wrong when tested against the entire record. Accordingly, the evidence is neither legally nor factually insufficient to support the verdict.

We affirm the judgment of the trial court.

4

Brian Quinn
Justice

Do not publish.