**Thomas Everett BAILEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 53264–53266.**

Court of Criminal Appeals of Texas.

Dec. 1, 1976.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty. and John Tatum, Jan E. Potts, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

These are appeals from two orders revoking probation and a conviction for felony theft. Appellant was originally convicted for possession of a controlled substance and burglary, assessed punishment at five years in each, and placed on probation. The probation was revoked for commission of the theft, in violation of the terms of his probation. Appellant entered a plea of guilty to the theft and was sentenced to three years' confinement.

The appeals from the revocation of probation hearing contain a common ground of error. For convenience, we shall consider this contention first.

Appellant claims that the trial court abused its discretion by revoking the probation on the basis of his plea of guilty to the charge of felony theft. Appellant argues that it was necessary for the trial court to hear evidence supporting the State's motions to revoke probation.

The hearing on the revocation motions was held concurrently with the trial before the court for the offense of felony theft. The evidence produced at this hearing consisted of a judicial confession and the guilty plea entered by appellant in regard to the offense charged.

In the case at bar, the revocation hearing and the trial for the offense of felony theft occurred before the same judge on the same day. Appellant was also represented by the same counsel during the entire course of the proceedings. *Green v. State,* Tex.Cr. App., 528 S.W.2d 617; *Barrientez v. State,* Tex.Cr.App., 500 S.W.2d 474. It was not improper for the trial court to revoke the appellant's probation on the basis of his guilty plea to the offense of felony theft. We overrule the first ground of error.

Appellant also asserts that the indictment charging him with possession of a controlled substance in Cause No. 53,264 is fundamentally defective because it fails to state an offense over which the trial court had jurisdiction. This contention rests on the proposition that the charging instru-

ment must allege what penalty group the alleged controlled substance is listed under in Sec. 4.04 of Art. 4476–15, V.A.C.S. (The Controlled Substances Act). In this manner, according to appellant, the trial judge can determine whether the offense charged in the indictment is a felony or misdemeanor.

The indictment in the case at bar alleged that appellant possessed lysergic acid diethylamide. There is but one grade and one punishment for possessing this controlled substance. Sec. 4.02(b)(5), Art. 4476–15, supra. Possession of any amount of this substance is a felony offense of the second degree. Our situation is distinguishable from those cases where the amount of the substance possessed by the accused determines whether the offense is a felony or a misdemeanor. See *Mears v. State,* Tex.Cr.App., 520 S.W.2d 380; *Wilson v. State,* Tex.Cr.App., 520 S.W.2d 377. See also *Suarez v. State,* Tex.Cr.App., 532 S.W.2d 602.

The trial court had jurisdiction over the offense charged in the indictment. The failure of the indictment to specify the penalty group is not a defect in this case. The second ground of error is overruled.

█ In his single ground of error in cause 53,266, appellant asserts the appeal should be dismissed because he was denied the statutory ten days before sentencing in which to file a motion for new trial. *Payne v. State,* Tex.Cr.App., 471 S.W.2d 815. The State asserts the time was waived. The undated waiver recites:

> "COMES NOW DEFENDANT, *and having been convicted herein,* defendant knows he is entitled to ten (10) days in which to file a Motion for New Trial and Motion in Arrest of Judgment, and that he has a right to appeal said conviction to the Texas Court of Criminal Appeals, and Defendant waives his rights to said ten days period, waives his rights to file a Motion for New Trial, and Motion in Arrest of Judgment, and waives his right to appeal this conviction. Defendant prays that he be sentenced forthwith.
>
> /s/ Michael H. O'Brien
> ATTORNEY FOR DEFENDANT
> /s/ Thomas Bailey
> DEFENDANT
>
> "The above Waiver of the ten day period to file a Motion for New Trial and Motion in Arrest of Judgment, and Waiver of filing Motion for New Trial and Motion in Arrest of Judgment, and Defendant's Waiver of his Right to Appeal are hereby in all things approved by the Court.
>
> /s/ Zimmerman
> JUDGE" (Emphasis added.)

Appellant asserts this waiver was premature and without effect, citing *Ex parte Dickey,* 543 S.W.2d 99 (1976).

Appellant is correct with respect to the waiver of his right to appeal, but we find the waiver of ten days for motion for new trial to be timely. The waiver (1) recites "having been convicted herein," (2) prays that appellant "be sentenced forthwith," and (3) was approved by the trial judge. These recitations with the court's approval establish the waiver as after conviction and before sentencing. This is the proper time for waiving time to present a motion for new trial or in arrest of judgment, but is premature for waiving the right to appeal.

█ Notwithstanding the consequences of these findings for appellant's ground of error, the appeal in this cause must be dismissed because no notice of appeal was filed herein. *Isaacs v. State,* Tex.Cr.App., 449 S.W.2d 255.

The appeal in cause 53,266 is dismissed, and the orders revoking probation in causes 53,264 and 53,265 are affirmed.