Gilbert Juan TORRES, Appellant,

v.

The STATE of Texas, Appellee.

No. 61924.

Court of Criminal Appeals of Texas, Panel No. 2.

March 19, 1980.

Carolyn D. Hobson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Kristen E. Moore, Winifred E. Akins and Matt Leeper, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

OPINION

DOUGLAS, Judge.

The conviction was for burglary of a habitation. Punishment was assessed at five

years, probated. This is an appeal from the order revoking probation.

Appellant's sole contention is that the trial court abused its discretion in revoking his probation when it improperly took judicial notice of the evidence adduced at the first revocation hearing, for which a new trial had been granted.

Torres was indicted for burglary of a habitation to which he pled guilty. Punishment was assessed at five years, the execution of which was suspended and Torres was placed on probation. On October 18, 1977, a motion to revoke the probation was filed charging appellant with attempted arson. After the hearing, the trial judge revoked Torres' probation. After the notice of appeal, Torres filed an objection to the appellate record claiming that it was incomplete because of missing cross-examination testimony of the appellant. A new hearing was granted by the trial court.

At the second hearing, the trial judge took judicial notice of the evidence introduced at the first hearing. Following this second hearing, the trial judge revoked probation.[1]

Appellant argues that the State is doing nothing more than introducing the prior testimony of the various witnesses without any showing of the witnesses' unavailability. See Article 39.01, V.A.C.C.P.

The issue is whether a trial judge may take judicial notice of a prior proceeding where he also presided. It has been answered in the affirmative in several cases. See, e.g., *Bailey v. State*, 543 S.W.2d 653 (Tex.Cr.App.1976); *Green v. State*, 528 S.W.2d 617 (Tex.Cr.App.1975); *O'Hern v. State*, 527 S.W.2d 568 (Tex.Cr.App.1975); *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr. App.1974). Appellant's contention is overruled.

The judgment is affirmed.

PHILLIPS, J., concurs in the result.

CLINTON, Judge, dissenting.

In each case cited by the majority for overruling the sole contention made by appellant the "prior proceeding" of which the trial court took "judicial notice" was a trial on the merits of the same offense that was alleged as ground for revoking probation. I have not yet committed to the doctrine of "judicial notice" enunciated in *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.1974). Nor am I persuaded that its concept is properly extended to a prior revocation proceeding, especially when a new hearing is granted on the motion to revoke because of an incomplete record, see *Bradley v. State*, 564 S.W.2d 727 (Tex.Cr.App.1978). Accordingly, to reserve my position until the Court En Banc considers the contention, I must respectfully dissent.

---

1. It should be noted that the same judge presided over both hearings.