Abby Gail CISNEROS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–84–256–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 30, 1985.

Rick Fancher, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before KEITH,[1] UTTER and KENNEDY, JJ.

## OPINION

KEITH, Justice.

This is an appeal from an order revoking probation and imposing sentence. Appellant does not challenge the sufficiency of the evidence to support the revocation of probation. We affirm.

On May 7, 1982, appellant entered a plea of guilty, pursuant to a plea bargain agreement, for the offense of forgery. The trial court accepted the plea bargain and found the appellant guilty. Punishment was assessed at five years' confinement; however, imposition of sentence was suspended, and the appellant was placed on probation with the usual conditions for a period of five years.

On December 9, 1982, the State filed a five-count motion to revoke probation. On January 7, 1983, the trial court placed appellant on intensive supervision probation, revising the conditions of her probation to include the following provision:

"(1) You will enroll and actively participate as a resident/client of the Cenikor Foundation, Inc., 1423 Texas Avenue, Houston, Texas."[2]

The State's motion to revoke was subsequently withdrawn.

On January 5, 1984, the State filed a second motion to revoke probation alleging that: (1) the appellant did "engage" in deviate sexual intercourse and sexual intercourse ... for a fee, in violation of condition A of her probation; and (2) the appellant left the Cenikor Foundation without permission and before a successful discharge was recommended, in violation of condition I(1) of probation. On March 23, 1984, after hearing testimony, the trial court held that there was a variance between the allegations of count one of the second motion to revoke and the evidence presented at the hearing. Consequently, the trial court denied the State's second motion to revoke probation.

Thereafter, on April 3, 1984, the State filed a third motion to revoke probation. In this motion, the State alleged that: (1) the appellant did *"offer"* to engage in deviate sexual intercourse and sexual intercourse ... for a fee, TEX.PENAL CODE ANN., § 43.02(a)(1) (Vernon Supp.1985); and (2) the appellant failed to actively participate as a resident/client of the Cenikor Foundation in violation of condition I(1) of her probation. The appellant pled "not true" to the foregoing allegations in the State's motion. On April 27, 1984, and also on May 14, 1984, the trial court heard evidence on the State's third motion to revoke

---

**1.** Associate Justice (Ret.), Court of Appeals, Ninth Supreme Judicial District sitting by designation. *See* TEX.REV.CIV.STAT.ANN. art. 1812 (Vernon Supp.1985).

**2.** We note that there is no time specified in the order as to how long she was to stay in Cenikor or what she was to do there. This has caused a

considerable amount of legal maneuvering and loss of judicial time in this case. Care should be taken to spell out in detail all of the burdens imposed upon a person receiving a probated sentence so that there can be no possibility of a misconception of such obligations. *See Flores v. State,* 513 S.W.2d 66, 69 (Tex.Crim.App.1974).

appellant's probation. The trial court took judicial notice of the evidence presented at the previous revocation hearing. Then, after hearing additional testimony and argument, the trial court revoked appellant's probation based on the first count alleged in the third motion and imposed the original sentence of five years' confinement. It is from this revocation of probation that the appeal is taken.

In her first ground of error, appellant contends that the trial court abused its discretion when it took judicial notice of prior testimony introduced at the first revocation hearing. At the revocation hearing held on April 27, 1984, the State requested that the court take judicial notice of the evidence of the prior hearing held on March 22, 1984, which was also conducted before that trial judge. Appellant acknowledges that a court may take judicial notice at a hearing to revoke probation of the evidence heard in a prior trial or proceeding of the probationer. *See Torres v. State*, 595 S.W.2d 537 (Tex.Crim.App.1980); *Bradley v. State*, 564 S.W.2d 727, 729 (Tex.Crim. App.1978); *Bailey v. State*, 543 S.W.2d 653 (Tex.Crim.App.1976); *O'Hern v. State*, 527 S.W.2d 568 (Tex.Crim.App.1975); *Barrientez v. State*, 500 S.W.2d 474 (Tex.Crim. App.1974). Interestingly enough, appellant does not challenge the sufficiency of the evidence of which the trial court took judicial notice for revoking probation; rather, the appellant argues that the record in this case does not sufficiently identify what testimony was judicially noticed for purposes of review by this Court. We disagree. *See Bradley v. State*, 564 S.W.2d at 730–33 (where the record on appeal did not reflect the content of the matters judicially noticed by the trial court and, therefore, Court of Criminal Appeals abated the appeal with instructions to supplement the record *in order to dispose of the issue of the sufficiency of the evidence raised in that case*). (Emphasis added.)

In the instant case, the matter was first identified at the revocation hearing as "the prior proceeding which we had in this cause," which was recited by counsel and

the trial court as 82–CR–132–F (i.e., the prior revocation proceeding held on March 22, 1984). After a brief discussion, the trial court overruled appellant's objection complaining of her right to cross-examine the State's witness on the element of the alleged "offer" to engage in deviate sexual intercourse pursuant to TEX.PENAL CODE ANN. § 43.02(a)(1) (Vernon Supp. 1985). At this time, the following occurred:

THE COURT: I will take knowledge of the testimony that I heard—and from the officer. His name escapes me.

Do you recall the name, Mr. Jackson?

MR. JACKSON: Audie—no, excuse me.

MR. MONTELONGO: Audie Morris.

MR. JACKSON: Morris.

THE COURT: *Morris, yes. I do recall the testimony. I further recall some cross-examination by the Defendant on the question of her offer.* (Emphasis added.)

Following testimony from the appellant, the trial court held that, under the evidence presented, the appellant had violated the terms of her probation, to wit: "That you engaged in deviate sexual intercourse or *offered* to engage in deviate sexual intercourse with Audie R. Morris on or about the 23rd day of November, 1983, and, as such, the probation is hereby revoked and the original judgment against you is hereby put into full force and effect...."

■ In summary, the facts judicially noticed here were matters of testimony of a prior revocation proceeding against the appellant, involving identical circumstances but different allegations, which was also conducted before that trial judge. Appellant was represented by the same counsel who represented her at the prior revocation hearing. The testimony was sufficiently identified by cause number and by the name of the witness (i.e., Officer Morris). The same trial judge had already heard Officer Morris' testimony concerning the appellant's offer to engage in deviate sexual intercourse with Officer Morris, and the witness was previously subject to cross-ex-

amination on the same fact issue. Most important, those facts are specifically set out in the transcribed court reporter's notes and are included as part of the record before this Court. *See Bradley v. State,* 564 S.W.2d at 732; *O'Hern v. State,* 527 S.W.2d at 569.

We do not find an abuse of discretion by the trial judge in the instant revocation hearing by taking judicial notice of the evidence of a prior revocation proceeding where he also presided. Ground of error number one is overruled.

In her second ground of error, appellant contends that, because the trial court previously denied the State's second motion to revoke probation, the doctrine of collateral estoppel prevented the trial court from considering the same evidence offered by the State to prove the similar offense in a subsequent motion to revoke probation. This argument is without merit.

■ Appellant correctly recognizes that neither the double jeopardy protections nor the doctrine of res judicata apply to prevent the State from twice subjecting the probationer to revocation of probation proceedings based upon the same alleged probationary violation and fact situation. *See Davenport v. State,* 574 S.W.2d 73 (Tex.Crim.App.1978); *Johnson v. State,* 633 S.W.2d 687 (Tex.App.—Amarillo 1982, pet. ref'd.). For the very same reasons, the doctrine of collateral estoppel is inapplicable to the instant revocation proceeding. *See Bouyer v. State,* 655 S.W.2d 355 (Tex. App.—Fort Worth 1983, no pet.).

We hold that the trial court properly revoked the appellant's probation, based on the evidence before it. Appellant's second ground of error is overruled.

■ In her third ground of error, appellant contends that the court abused its discretion in revoking her probation in that the allegation in the motion to revoke, that the offense occurred "in the County of Nueces and State of Texas," is not supported by the evidence. Apparently, appellant is complaining that the State failed to prove that the offer to engage in deviate

sexual intercourse and sexual intercourse occurred in Nueces County. In a revocation hearing, the State only has the burden of proving by a preponderance of the evidence, that the probationer, within the term of her probation, violated the laws of Texas (or some other state or the United States). *Williams v. State,* 591 S.W.2d 873 (Tex. Crim.App.1979); *Davila v. State,* 547 S.W.2d 606 (Tex.Crim.App.1977); *Regalado v. State,* 494 S.W.2d 185 (Tex.Crim.App. 1973).

We have carefully reviewed the record and find that there was sufficient evidence offered by the State to prove that the offense forming the basis for revocation was committed in Texas. *See Williams v. State,* 591 S.W.2d at 876. The appellant does not otherwise challenge the trial court's order. We, therefore, conclude that there was no abuse of discretion in the trial court's revocation of appellant's probation. Appellant's third ground of error is overruled.

The judgment of the trial court is Affirmed.