In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00038-CR

                                                ______________________________

 

 

                              CALVIN WAYNE BURNHAM,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                       Trial Court
No. 2005-C-0001

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Calvin
Wayne Burnham was charged with four counts of aggravated sexual assault and
four counts of indecency with a child, his stepdaughter.[1]  Pursuant to a plea of guilty on all counts,
he was placed on deferred adjudication community supervision for a period of ten
years.  Burnham appeals the trial court’s
subsequent revocation of community supervision, adjudication of guilt, and
resulting sentence of fifty years’ imprisonment for each aggravated sexual
assault and twenty years’ imprisonment for each count of indecency with a
child.  He claims that the trial court
erred in considering evidence resulting from a polygraph examination, “erred in
adjudicating the Appellant guilty based on evidence received at a hearing that
had occurred over seven months earlier,” and that the evidence was insufficient
to demonstrate he violated a condition of his community supervision.  We affirm the trial court’s judgment.  

I.          Standard of Review 

            The
determination of an adjudication of guilt is reviewable in the same manner as
that used to determine whether sufficient evidence supported the trial court’s
decision to revoke community supervision. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2010).  While the decision to revoke
community supervision rests within the discretion of the trial court, it is not
absolute.  In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.––Texarkana 2003, no
pet.).  To revoke community supervision,
the State must prove every element of at least one ground for revocation by a
preponderance of the evidence.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 10 (Vernon Supp. 2010); T.R.S., 115
S.W.3d at 320; Johnson v. State, 943
S.W.2d 83, 85 (Tex. App.––Houston [1st Dist.] 1997, no pet.).  “‘Preponderance of the evidence’ has been
defined as the greater weight and degree of credible testimony.”  T.R.S.,
115 S.W.3d at 320.

            In
a revocation hearing, the trial judge is the sole trier of the facts and
determines the credibility of the witnesses and the weight to be given to the
testimony.  T.R.S., 115 S.W.3d at 321; Lee
v. State, 952 S.W.2d 894, 897 (Tex. App.––Dallas 1997, no pet.); Johnson, 943 S.W.2d at 85.  The judge may accept or reject any or all of
a witness’s testimony.  T.R.S., 115 S.W.3d at 321 (citing Mattias v. State, 731 S.W.2d 936, 940
(Tex. Crim. App. 1987)).  Considering the
unique nature of a revocation hearing and the trial court’s broad discretion in
the proceedings, the general standards for reviewing sufficiency do not
apply.  Pierce v. State, 113 S.W.3d 431, 436 (Tex. App.––Texarkana 2003,
pet. ref’d).  Instead, we review the
trial court’s decision regarding community supervision revocation for an abuse
of discretion and examine the evidence in a light most favorable to the trial
court’s order.  T.R.S., 115 S.W.3d at 321; Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Pierce, 113 S.W.3d at 436. 
If the State’s proof is sufficient to prove any one of the alleged
community supervision violations, the revocation should be affirmed.  T.R.S.,
115 S.W.3d at 321 (citing Stevens v. State,
900 S.W.2d 348, 351 (Tex. App.––Texarkana 1995, pet. ref’d)); Pierce, 113 S.W.3d at 436.

II.        Court Could Consider Evidence from
Hearing on First Motion to Adjudicate Guilt

 

            As
a preliminary matter, Burnham complains that the trial court improperly considered
evidence from a hearing on the State’s first amended motion to adjudicate
guilt, in which his competency was timely questioned.  At the beginning of the hearing, the trial
court appointed Dr. Frank S. Murphy to examine Burnham.  Due to the requested competency examination,
Burnham’s counsel told the court he would not be “able to go forward today” and
requested a continuance of the hearing. 
The trial court granted the continuance, but allowed Kelly B. Hendricks,
the polygraph examiner, to testify because he had travelled 180 miles to attend
the hearing scheduled that day.  Counsel
was allowed to reserve objections to the testimony.  After the hearing, Dr. Murphy concluded that
Burnham was competent, but recommended treatment for bipolar disorder,
prompting agreement between Burnham and the State to “reset” the hearing for a “status
evaluation” at a later date.  Prior to
the status evaluation, the State filed a second amended motion to adjudicate
guilt.  

            Burnham
argues that the trial court erred in considering Hendricks’ testimony during
the hearing on the first motion to adjudicate, before resolving competency
issues.  To support his argument, Burnham
cites Rogers v. State.  640 S.W.2d 248 (Tex. Crim. App. [Panel Op.] 1981).  In Rogers,
the court found the trial court was without authority to subsequently revoke
community supervision in the absence of allegations or proof of subsequent
violations where it had previously decided to continue the defendant upon
community supervision.  Id. at 252 (op. on reh’g); Rains v. State, 678 S.W.2d 308 (Tex.
App.––Fort Worth 1984, pet. ref’d) (same). 
In other words, in the absence of other allegations, a trial court
cannot simply change its mind and revoke community supervision once it has
decided not to do so.  Here, because the
revocation hearing was reset pursuant to agreement, and the second amended
motion to revoke contained new allegations, Rogers
does not apply.  Bersuch v. State, 304 S.W.3d 547, 548 (Tex. App.––Waco 2009, pet. ref’d).  

            Instead,
the Texas Court of Criminal Appeals has held that in a second revocation
hearing, a trial judge may take judicial notice of evidence obtained in a prior
revocation proceeding, provided that he presided over both hearings.  Torres
v. State, 595 S.W.2d 537 (Tex. Crim. App. [Panel Op.] 1980); see Cisneros v. State, 697 S.W.2d 718,
720 (Tex. App.––Corpus Christi 1985, no pet.). 
The same trial judge presided over both motions to adjudicate
guilt.  Thus, the trial court did not err
in considering evidence obtained at the hearing on the first amended motion
when adjudicating guilt based on the State’s second amended motion.  

III.       Polygraph Results Are
Inadmissible 

            Because
of their inherent unreliability and tendency to be unduly persuasive, Burnham
is correct in reciting the rule that polygraph examination results are
inadmissible for any purpose in a criminal proceeding on proper objection.  See
Shiflet v. State, 732 S.W.2d 622, 630 (Tex. Crim. App. 1985).  

            There is a
question of whether Burnham failed to preserve the point of error.  Jasso
v. State, 112 S.W.3d 805, 813–14 (Tex. App.––Houston [14th Dist.] 2003,
pet. ref’d).  We note that Hendricks was
allowed to testify with the court’s condition that counsel was able to reserve
objections.  When Burnham’s counsel
specifically objected to the admissibility of the polygraph results, the trial
court stated, “Again, I’m just giving you, Counsel, an opportunity to see what
he’s going to say.  . . . .  You can reserve your objections.  . . . . 
And I’ll note it, and you can be subject to making objections at a later
time.”  The results were “received at
this time just for the limited purpose of [Hendricks’] testimony.”  

            At
the conclusion of the hearing on the second amended motion to adjudicate guilt,
in which the State did not offer the polygraph results, Burnham’s counsel asked
to file a brief with the court addressing concerns that the second amended
motion contained allegations not heard at the hearing.  The judge referenced Hendricks’ testimony and
pointed out that he had “heard nothing at the beginning of this that we were
having any objection to that evidence coming in.”  He further stated, “I was satisfied, since I
haven’t heard anything to the opposite, about the polygraph that was
administered and the admissions he made subsequent to that.”  It is unclear whether the court treated the
results of the polygraph as admitted, and whether it treated counsel’s request
to file a brief as an objection to the results. 


            Nevertheless,
even assuming that the court erroneously admitted the polygraph results over
proper objection, because we hold below that the evidence was sufficient to
demonstrate violation of at least one condition of community supervision,
Burnham was not harmed by its admission. 
See Tex. R. App. P. 44.2(b); Anderson
v. State, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006).  

IV.       Sufficient
Evidence Supported the Trial Court’s Judgment 

            The
State’s second amended motion to adjudicate guilt claimed that Burnham violated
the following conditions of community supervision requiring him to:  maintain suitable employment; pay an assessed
$1,336.00 fine at a rate of $15.00 per month; pay community supervision fees of
$50.00 each month; submit to sex offender treatment; and commit to sex offender
registration requirements.  

            At
the hearing on the second amended motion to adjudicate guilt, administrative
deputy Heather Green testified that although Burnham was required to report any
change in job status “[n]ot later than the 7th day after the date of the change,”
he failed to do so.  Shelby and Panola
County community supervision officer Heather Brown stated Burnham was laid off
on December 3, 2008, and failed to provide income verification until
November 2, 2009, indicating Burnham had not worked in almost a year.[2]  She claimed Burnham was absent from sex
offender treatment meetings.[3]  Brown also testified Burnham had failed to
pay fines and community supervision fees pursuant to the court’s order.  Without objection, the State admitted
documentation of Burnham’s failure to pay, showing arrearages in each case of
between $75.00–$185.00, totaling $1,140.00, and administrative notes suggesting
Burnham was sent several “failure to pay” notices.[4] 

            Most
importantly, the State also claimed that Burnham violated the conditions of
community supervision requiring him to:  avoid
injurious or vicious habits, including abstaining from the possession or use of
all intoxicating beverages and all unlawful possession of alcohol; refrain from
frequenting places where pornographic materials are sold; refrain from
possessing recorded materials for the purpose of deviant sexual arousal; avoid
contact with the victim’s family; and stay 500 feet from any school.  

            “[T]he
‘result’ of a polygraph examination is the conclusion based on the machine’s
graphic indications as to whether the defendant was lying or telling the truth.”
 Marcum
v. State, 983 S.W.2d 762, 766 (Tex. App.––Houston [14th Dist.] 1998, pet.
ref’d) (citing Castillo v. State, 739
S.W.2d 280, 293 (Tex. Crim. App. 1987)). 
Statements made to a polygraph examiner during such an examination are
generally admissible.[5]  Id.;
Harty v. State, 229 S.W.3d 849, 851
n.2 (Tex. App.––Texarkana 2007, pet. ref’d); see Shiflet, 732 S.W.2d at 623 (statements against interest made
while not in custody admissible).  

            Hendricks
testified that Burnham made several “pre-test” and “post-test” admissions.  Specifically, he admitted to: “consuming wine
at Olive Garden,” viewing “cell phone instant message image photos of girls
sending pictures of their breasts and vaginas . . . about 20 to 30 times”; “frequenting
several area gas stations or convenience stores that display pornography”; and
visiting “his brother’s house in the evening when school is out because his
brother’s house is within 500 feet of a school.”  The examiner testified Burnham “shop[ped] at
the grocery store where the victim’s grandmother is the manager,” but denied
speaking with her.  Burnham also “claim[ed]
that he ha[d] a prescription for Hydrocodone,” and “admit[ted] possession of
crystal methamphetamine when he poured his dad’s crystal methamphetamine out on
the ground once whenever he was trying to help his dad get off crystal meth.” 

            The
admissions to Hendricks were sufficient for the trial court to find, in its
discretion as sole fact-finder, that Burnham violated at least one condition of
his community supervision by a preponderance of the evidence.  See
T.R.S., 115 S.W.3d at 321.  Thus, we
affirm the revocation and adjudication of guilt.  Id.


V.        Conclusion

            We
affirm the trial court’s judgment. 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:         December
14, 2010

Date Decided:             December
15, 2010

 

Do Not Publish











[1]Burnham
appeals from this cause number and judgments entered in cause numbers 06-10-00039-CR
through 06-10-00045-CR.  





[2]Burnham
argues that his condition of community supervision did not require him to
maintain suitable employment if searching for a job.  The condition required him to “[m]aintain
suitable employment or educational/vocational status; [i]f unemployed and not a
student, comply with the instructions of the Supervision Officer concerning
employment search, education or training, including providing documentation of
such activities.”  Though the officer
testified Burnham “had tried” to find employment, the court was free to
conclude his one-year hiatus from employment of any sort constituted
noncompliance with the condition. 

 





[3]After
Brown testified without objection that Burnham failed to attend sex offender
treatment classes, she was asked what dates he failed to attend.  Because Brown referred to the “records” to
determine these dates, Burnham lodged a hearsay objection for lack of “direct
knowledge.”  

 





[4]Burnham
argues that the trial court failed to establish that he was able to pay the
fines and fees.  Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp. 2010).  The record demonstrates Burnham was indigent
and was unemployed until November 2009.  

 





[5]Burnham’s
counsel objected “to any statements that were made to the examiner,” although
the basis for the objection was not stated. 
He further lodged an objection that the examiner’s “total testimony
[w]as a violation of Article 38.22.” 
However, because submission to a polygraph examination pursuant to
conditions of community supervision is not a custodial interrogation, Article
38.22 does not apply.  Marcum, 983 S.W.2d at 766.