

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00417-CR,
07-12-00433-CR

BARSHA FANNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court Nos. 11,293, 11,675, Honorable Dan Mike Bird, Presiding

November 18, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Barsha Fanner, appeals the trial court's orders adjudicating him guilty of delivery of a controlled substance in a drug-free zone and of aggravated assault in appellate cause numbers 07-12-00417-CR and 07-12-00433-CR, respectively.[1] On appeal, he contends that the trial court abused its discretion by finding that he violated the terms and conditions of his community supervision. He also contends, in cause

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010), § 481.134 (West Supp. 2013); TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2013), § 22.02(a)(1) (West 2011).

number 07-12-00417-CR, that the trial court erred by taking judicial notice of the evidence admitted at an earlier hearing. We will affirm.

## Procedural History

Appellant was originally placed on deferred adjudication community supervision for aggravated assault in trial court cause number 11,293 on July 7, 2009, and he was subsequently adjudicated guilty of the offense on May 27, 2010, and sentenced to serve forty-five years in prison. On appeal from that conviction, appellant's counsel filed an *Anders* brief,[2] having concluded that there were no arguable grounds upon which an appeal could have been predicated. Upon review of the record, however, this Court noted that appellant had not properly waived his right to a grand jury indictment in this felony case. *See Fanner v. State*, 07-10-00232-CR, 2011 Tex. App. LEXIS 2197, at *3 (Tex. App.—Amarillo Mar. 25, 2011, no pet.) (mem. op., not designated for publication). We abated the cause and remanded the matter to the trial court for appointment of new counsel to brief this and any other arguable issues. *Id.* at *4–6.

After new appellate counsel briefed the waiver of indictment issue on its merits, the State conceded error in the failure to secure appellant's waiver of his right to indictment by grand jury. *See Fanner v. State*, 07-10-00232-CR, 2011 Tex. App. LEXIS 9391, at *1 (Tex. App.—Amarillo Nov. 30, 2011, pet. ref'd) (per curiam) (mem. op., not designated for publication). Having found appellant's contention and the State's concession well-taken, this Court reversed appellant's conviction and vacated the trial court's judgment of May 27, 2010, adjudicating appellant guilty of aggravated assault. *See id.* at *9.

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

On May 10, 2012, appellant did effectively waive his right to grand jury indictment in open court and again pleaded guilty to the offense of aggravated assault. *See* TEX. CODE CRIM. PROC. ANN. art. 1.141 (West 2005); *King v. State*, 473 S.W.2d 43, 52 (Tex. Crim. App. 1971). He was again placed on deferred adjudication for eight years on May 10, 2012. At that same hearing on May 10, 2012, appellant also pleaded guilty to charges of delivery of a controlled substance in a drug-free zone in connection with trial court cause number 11,675. Appellant was placed on deferred adjudication community supervision for five years in that case.

Only months later, alleging the same violations in each cause, the State moved to proceed to adjudication in both trial court cause numbers 11,293 and 11,675, and, on August 24, 2012, both of those cases were called. Appellant indicated that he agreed that the causes would be tried together and the same evidence would be received as to both causes:

> THE COURT: Now, is there an agreement that these cases be tried together and that the evidence be received at one time for both cases at the same time?
>
> DEFENSE COUNSEL: Yes, sir.

Shortly thereafter, the State brought to the trial court's attention that, in its motion to proceed in cause number 11,675, it had mistakenly identified the deferred offense as aggravated assault rather than delivery of a controlled substance and requested leave to amend the motion to reflect the proper offense. The trial court granted leave to do so, but, in response to appellant's request, also granted a continuance in trial court cause number 11,675. The hearing on the State's motion to proceed to adjudication in trial court cause number 11,293 commenced. The trial court found five of the State's six

3

allegations to be true, adjudicated appellant guilty of aggravated assault, and imposed an eighteen-year sentence of imprisonment.[3]

On September 14, 2012, the hearing on the State's motion to proceed in trial court cause number 11,675 was held. At that hearing, the State requested that the trial court take judicial notice of the evidence admitted at the hearing that was held twenty-one days earlier on the motion to proceed to adjudication in trial court cause number 11,293. Despite well-developed and repeated objections by defense counsel, the trial court did take judicial notice of the evidence admitted at the earlier hearing on the State's motion to proceed to adjudication in trial court cause number 11,293. After taking notice of the evidence from that hearing, the trial court found the allegations in the State's motion to be true, adjudicated appellant guilty of delivery of a controlled substance in a drug-free zone, and imposed a ten-year sentence to be served consecutively to the sentence imposed in trial court cause number 11,293.[4]

Appellant now appeals from the trial court's orders adjudicating him guilty of aggravated assault and of delivery of a controlled substance in a drug-free zone. On appeal, he challenges the sufficiency of the evidence to show that he violated the terms and conditions of his community supervision. He also challenges the trial court's decision to take judicial notice in trial court cause number 11,675 of the evidence

---

[3] Before the trial court heard evidence at this first hearing, the State abandoned its seventh allegation that appellant violated Condition No. 6 of his community supervision by failing to pay his fine, court costs, restitution, and monthly probation service fee.

[4] We note that the State also abandoned its allegation as to violation of Condition No. 6 at this hearing, as it did in the first hearing. Additionally, at this second hearing, the State abandoned its allegation relating to the violation of Condition No. 3 by assaulting Kametria Daniels by recklessly impeding the normal breathing or circulation of the blood of Daniels by applying pressure to the throat or neck, an allegation that the trial court found "not true" at the hearing on the State's motion to proceed to adjudication in trial court cause number 11,293.

received at the hearing on the State's motion to proceed in trial court cause number 11,293. We will first address his point of error with respect to judicial notice, raised in appellate cause number 07-12-00417-CR.

Judicial Notice of Evidence from Prior Hearing

As noted, at the hearing held on September 14, 2012, on the State's motion to proceed to adjudication in trial court cause number 11,675, the State asked the trial court to take judicial notice of the prior proceedings in trial court cause number 11,293, including the testimony therein, and offered a transcript of that proceeding. Appellant objected to the trial court's taking judicial notice, claiming that doing so constituted a violation of appellant's federal and state constitutional rights to due process, his Sixth Amendment rights to confrontation of witnesses, and equal protection of the law.

Applicable Law and Analysis

It is well-established that, "[w]hen the same trial court presides over both the revocation hearing and the trial of the offense that is the basis for revocation, the trial court can take judicial notice of the evidence introduced in that prior proceeding." *Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Barrientez v. State*, 500 S.W.2d 474, 475 (Tex. Crim. App. 1973)); *see Bradley v. State*, 564 S.W.2d 727, 729 (Tex. Crim. App. 1978) (en banc); *Staten v. State*, 328 S.W.3d 901, 906 (Tex. App.—Beaumont 2010, no pet.). With that, a trial court does not abuse its discretion when, at a revocation or adjudication proceeding, it admits, hears, and reconsiders testimony that the trial court heard during a criminal trial of the offense forming the basis of the revocation proceeding. *See Akbar*, 190 S.W.3d at 123–124

(citing *Bradley*, 608 S.W.2d at 656; *Haile v. State*, 556 S.W.2d 818, 820 (Tex. Crim. App. 1977); and *Stephenson v. State*, 500 S.W.2d 855, 857 (Tex. Crim. App. 1973)); *see also Moreno v. State*, 22 S.W.3d 482, 488 (Tex. Crim. App. 1999) (en banc) (holding a trial court may take judicial notice of evidence at a criminal trial and revoke probation even if defendant was acquitted in criminal trial). Further, weighing evidence from a prior proceeding, when the same judge has presided over both the prior trial proceedings and the revocation hearing, is not a denial of due process. *See Staten*, 328 S.W.3d at 906 (citing *Barrientez*, 500 S.W.2d at 475; *Bradley*, 608 S.W.2d at 652, 656; and *Stephenson*, 500 S.W.2d at 857). Nor does this procedure violate a defendant's constitutional right to confront and to cross-examine witnesses. *See Akbar*, 190 S.W.3d at 124.

The *Barrientez*/*Bradley* rule initially developed in the context of a revocation or adjudication proceeding that followed a criminal trial on allegations of an offense that formed the basis of the State's allegations relating to the motion to revoke or to proceed to adjudication. However, the *Barrientez*/*Bradley* rule has also been stated more generally to apply to evidence from a "prior proceeding": "The issue is whether a trial judge may take judicial notice of a prior proceeding where he also presided. It has been answered in the affirmative in several cases." *Torres v. State*, 595 S.W.2d 537, 538 (Tex. Crim. App. [Panel Op.] 1980) (concluding that trial court did not abuse its discretion in revoking probation when it took judicial notice of the evidence adduced at the first revocation hearing and citing *Bailey v. State*, 543 S.W.2d 653, 654 (Tex. Crim. App. 1976); *Green v. State*, 528 S.W.2d 617, 619 (Tex. Crim. App. 1975); *O'Hern v. State*, 527 S.W.2d 568, 569 (Tex. Crim. App. 1975); and *Barrientez*, 500 S.W.2d at

6

475); *see Staten*, 328 S.W.3d at 906; *Cisneros v. State*, 697 S.W.2d 718, 720 (Tex. App.—Corpus Christi 1985, no pet.). Following *Torres*'s application of the *Barrientez*/*Bradley* rule to evidence from a prior revocation proceeding, the rule has been applied specifically to the context presented by the instant case, permitting the trial court to take judicial notice at a revocation or adjudication hearing of evidence admitted in a prior revocation or adjudication hearing, provided that the trial court presided over both hearings. *See Cisneros*, 697 S.W.2d at 720–21 (applying *Torres*, 595 S.W.2d at 538); *see also Burnham v. State*, No. 06-10-00038-CR, 2010 Tex. App. LEXIS 9855, at *5–6 (Tex. App.—Texarkana Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication). *But see Torres*, 595 S.W.2d at 538 (Clinton, J., dissenting) (expressing some reservation about the *Barrientez* rule generally, pointing out that *Barrientez* originally applied to evidence from prior *criminal trial*, and unsuccessfully inviting reconsideration of the expansion of *Barrientez* to evidence from prior revocation hearing).

Here, the trial court presided over both hearings, and appellant was represented by the same counsel at both hearings. Further, at the point in time at which both causes were to be heard together, appellant's counsel indicated that the parties had agreed that the motions to proceed to adjudication would be heard together and that evidence would be received as to the allegations contained in both motions. The trial court did not abuse its discretion when, at the hearing on the State's motion to proceed to adjudication in trial court cause number 11,675, it admitted and considered evidence from the hearing on the State's motion to proceed to adjudication in trial court cause number 11,293.

Appellant acknowledges the doctrine set forth in *Barrientez* and *Bradley* but maintains that, because the evidence in the prior adjudication hearing was contradicted, it falls outside the *Barrientez/Bradley* rule and the trial court improperly took judicial notice of it. However, resolution of conflicting or inconsistent evidence is a task belonging exclusively to the trier of fact. *See Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982) (op. on reh'g). And, at a revocation hearing, the trial court is the sole trier of fact, charged with such resolution of issues of conflicts, inconsistencies, and credibility. *See Akbar*, 190 S.W.3d at 123; *see also Staten*, 328 S.W.3d at 906 ("Where the same trial court conducted both the trial of the charged offense and the revocation hearing, it can weigh the credibility of the witnesses from the prior proceeding in determining whether the State's allegations, as stated in the motion to revoke, are true."). The presence of conflicting or contradicted evidence is hardly uncommon in any proceeding, and the task of resolving those conflicts belongs with the trial court sitting as trier of fact. We overrule appellant's contention that the trial court improperly took judicial notice of testimony from the earlier adjudication hearing.

## Sufficiency of the Evidence

Having concluded that, at the hearing on the State's motion to proceed to adjudication in trial court cause number 11,675, the trial court properly took judicial notice of and considered the evidence presented at the hearing on the State's motion to proceed to adjudication in 11,293, we now evaluate the evidence to determine whether the trial court abused its discretion by adjudicating appellant guilty as to each offense.

8

Applicable Law and Analysis

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the trial court's decision. *Herald v. State*, 67 S.W.3d 292, 293 (Tex. App.—Amarillo 2001, no pet.). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. *See Garrett*, 619 S.W.2d at 174. Proof of a violation of a single term and condition of community supervision is sufficient to support a trial court's decision to adjudicate. *See Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd).

Among the several terms and conditions of appellant's deferred adjudication community supervision was Condition No. 3 that appellant commit no offense against the law of this state, any other state, or the United States. The State alleged that appellant violated Condition No. 3 in three ways, one of which was by intentionally, knowingly or recklessly causing bodily injury to Filiberto Munoz by striking him. The State presented Munoz's testimony that he and appellant were cellmates at the Wilbarger County Jail when a dispute arose about which channel to watch on television. Munoz testified that appellant attempted to take the remote control from him and, when

9

Munoz resisted his efforts, appellant struck him, resulting in a laceration to Munoz's face that required eight stitches. The State presented photographs depicting Munoz's injuries resulting from being struck by appellant.

The State also presented testimony from Wilbarger County Sheriff's Deputy James Rogers who completed a report of the altercation between appellant and Munoz. Rogers testified that Munoz was injured and that appellant was not. At the hearing, appellant seized on what Rogers described as a typographical error in his incident report that indicated that appellant, rather than Munoz, had been injured in the altercation. However, the evidence, in the form of consistent testimony from both Munoz and Rogers and photographic evidence that it was, in fact, Munoz who had been injured, support the conclusion that this was, as Rogers testified, an error in his report. The evidence presented represents some evidence that appellant assaulted Munoz by striking him and, in doing so, violated Condition No. 3 of his deferred adjudication community supervision that he commit no offense against the laws of the State of Texas. *See* TEX. PENAL CODE ANN. § 22.01; *see also Herald*, 67 S.W.3d at 293.

Though proof of a violation of a single term and condition of community supervision is sufficient to support a trial court's decision to adjudicate, *see Antwine*, 268 S.W.3d at 636, we also note that there is uncontradicted evidence that appellant had admitted to his friend that he had consumed alcohol and testimony from appellant's uncooperative girlfriend, Kametria Daniels, that she had initially reported that appellant had been drinking the night before he assaulted her as well, an assault after which she had to seek medical treatment for a laceration near one of her eyes. At trial, Daniels attempted to minimize the altercation leading up to her injury and also qualified her

statement about appellant's drinking to the effect that she *thought* he *may* have been drunk at the time of the altercation. In addition to evidence supporting the trial court's conclusion that appellant committed two assaults and consumed alcohol, all of which violated the terms and conditions of his community supervision, the record contains evidence that appellant refused to submit to a hair follicle drug test when, after appellant was found in a closet hiding from his community supervision officer on June 29, 2012, he refused to submit to the test the officer requested at that time. Under the terms and conditions of his community supervision, appellant was required to submit to such a test when requested by the officer.

The record before us contains evidence to support the trial court's conclusion that appellant violated at least one of the conditions of his deferred adjudication community supervision. That being the state of the record, the trial court did not abuse its discretion by adjudicating appellant guilty of aggravated assault in trial court cause number 11,293 and delivery of a controlled substance in a drug-free zone in trial court cause number 11,675. *See Herald*, 67 S.W.3d at 293.

## Conclusion

Having overruled appellant's contentions on appeal, we affirm the trial court's judgments adjudicating appellant guilty of aggravated assault and of delivery of a controlled substance in a drug-free zone. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.