

IN THE
TENStH COURT OF APPEALS

No. 10-09-00140-CR

**JEFFREY SCOTT BERSUCH,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. F33732

# OPINION

Jeffrey Scott Bersuch was convicted of intoxication manslaughter and sentenced to ten years in prison. *See* TEX. PENAL CODE ANN. § 49.08 (Vernon Supp. 2009). After spending a short time in prison, the trial court suspended his sentence and placed Bersuch on community supervision. Several years later, the trial court revoked Bersuch's community supervision and again sentenced him to ten years in prison. We affirm.

In one issue, Bersuch contends the trial court abused its discretion when it found he had violated the terms of his community supervision as alleged by the State in its

motion to revoke. In this one issue, Bersuch challenges the court's finding on each violation alleged in the motion to revoke.

Bersuch first argues that the trial court abused its discretion when it found he had violated the terms of his community supervision by relying on a 2006 conviction for driving while intoxicated. Specifically, Bersuch argues that the trial court could not consider this conviction as a violation in this motion to revoke hearing because the same offense had been the subject of a prior motion to revoke filed by the State. To support this proposition, he relies on an opinion from the Court of Criminal Appeals where the Court stated

> It would be the epitome of arbitrariness for a court first to conduct a hearing on alleged violations and exercise its discretion to return the probationer to probation…and then decide several months later to exercise its discretion in the opposite fashion by revoking the probation without any determination of a new violation.

*Rogers v. State*, 640 S.W.2d 248, 252 (Tex. Crim. App. 1981) (op. on 1st reh'g). *Rogers* does not apply to this case. The previous motion to revoke did not allege the 2006 conviction as a ground for revocation although it appears the consumption of alcohol on the prior occasion was alleged in the motion. Regardless, the prior motion was withdrawn by the State; and so there was no hearing held on that motion. Thus, there was no exercise of the trial court's discretion to continue Bersuch on community supervision and subsequently the "exercise of its discretion in the opposite fashion by

revoking" community supervision.[1]  Therefore, the trial court could properly use the 2006 conviction as a basis for revoking Bersuch's community supervision.

Because one ground for revocation, if proven, is sufficient to revoke a defendant's community supervision, we need not discuss Bersuch's remaining complaints.  *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

Bersuch's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed November 4, 2009
Publish
[CR25]

---

[1] Further, when the judgment of the conviction was introduced into evidence, Bersuch affirmatively stated that he had no objection to its introduction.  A defendant waives any complaint on appeal concerning the admissibility of evidence when he affirmatively states, "No objection," at the time the evidence is offered.  *Holmes v. State*, 248 S.W.3d 194, 201 (Tex. Crim. App. 2008); *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992); *Wyatt v. State*, 162 Tex. Crim. 134, 282 S.W.2d 392, 393 (Tex. Crim. App. 1955).  Any complaint about the trial court's consideration of Bersuch's 2006 conviction is waived.