

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00050-CR

**WADE RAY HOLMAN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F41308

## MEMORANDUM OPINION

On May 24, 2007, Wade Ray Holman pleaded guilty to the offense of burglary of a habitation. The trial court convicted Holman and assessed his punishment at 10 years confinement and a $500 fine. The trial court suspended imposition of the confinement portion of the sentence and placed Holman on community supervision for 10 years. On April 28, 2009, the State filed a motion to revoke Holman's community supervision. The State filed an amended motion to revoke on January 19, 2010, alleging that Holman violated the terms and conditions of his community supervision by committing two

separate offenses, testing positive for the use of amphetamine, and failing to complete community service. After a hearing, the trial court found that Holman violated the terms and conditions of his community supervision, revoked his community supervision, and sentenced him to 10 years confinement. We affirm.

Holman argues in his sole issue on appeal that the trial court abused its discretion in finding that he violated the terms and conditions of his community supervision. We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State has the burden of showing by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

In the motion to revoke, the State alleged that Holman violated the condition of his community supervision that he "commit no offense against the laws of this State or of any other State or of the United States." The State specifically alleged that Holman was "convicted of the offense of Prohibited Weapons in Cause No. M200800517 in Johnson County" on or about March 10, 2009. At the hearing, the State admitted without objection Holman's judgment of conviction in Cause No. M200800517 for the offense of possession of a prohibited weapon and also the indictment alleging that the offense occurred on or about March 11, 2008. Further, Holman testified at the hearing

on the motion to revoke and admitted to his conviction for the offense of possession of a prohibited weapon.

The trial court did not abuse its discretion in finding that Holman violated the terms and conditions of his community supervision. Because one ground for revocation, if proven, is sufficient to revoke a defendant's community supervision, we need not discuss Holman's remaining complaints. *Bersuch v. State*, 304 S.W.3d 547, 548 (Tex. App.—Waco 2009, pet. ref'd). We overrule Holman's sole issue on appeal.

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 16, 2011
Do not publish
[CR25]