IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00050-CR

 

Wade Ray Holman,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 18th District
Court

Johnson County, Texas

Trial Court No. F41308

 



MEMORANDUM Opinion



 

            On May 24, 2007, Wade Ray
Holman pleaded guilty to the offense of burglary of a habitation.  The trial
court convicted Holman and assessed his punishment at 10 years confinement and
a $500 fine.  The trial court suspended imposition of the confinement portion
of the sentence and placed Holman on community supervision for 10 years.  On
April 28, 2009, the State filed a motion to revoke Holman’s community
supervision.  The State filed an amended motion to revoke on January 19, 2010,
alleging that Holman violated the terms and conditions of his community
supervision by committing two separate offenses, testing positive for the use
of amphetamine, and failing to complete community service.  After a hearing,
the trial court found that Holman violated the terms and conditions of his
community supervision, revoked his community supervision, and sentenced him to
10 years confinement.  We affirm.

            Holman argues in his sole
issue on appeal that the trial court abused its discretion in finding that he
violated the terms and conditions of his community supervision.  We review an
order revoking community supervision under an abuse of discretion standard.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  The State has the
burden of showing by a preponderance of the evidence that the defendant violated
the terms and conditions of community supervision.  Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of
the credibility of the witnesses and the weight to be given their testimony,
and we review the evidence in the light most favorable to the trial court's
ruling.  Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

            In the motion to revoke, the
State alleged that Holman violated the condition of his community supervision
that he “commit no offense against the laws of this State or of any other State
or of the United States.”  The State specifically alleged that Holman was
“convicted of the offense of Prohibited Weapons in Cause No. M200800517 in
Johnson County” on or about March 10, 2009.  At the hearing, the State admitted
without objection Holman’s judgment of conviction in Cause No. M200800517 for
the offense of possession of a prohibited weapon and also the indictment
alleging that the offense occurred on or about March 11, 2008.  Further, Holman
testified at the hearing on the motion to revoke and admitted to his conviction
for the offense of possession of a prohibited weapon.

The trial court did not abuse its
discretion in finding that Holman violated the terms and conditions of his
community supervision.  Because one ground for revocation, if proven, is
sufficient to revoke a defendant's community supervision, we need not discuss
Holman’s remaining complaints.  Bersuch v. State, 304 S.W.3d 547, 548
(Tex. App.—Waco 2009, pet. ref’d).  We overrule Holman’s sole issue on appeal.

            We affirm the trial court’s
judgment.

 

AL SCOGGINS

                                                                        Justice

 

Before Chief Justice Gray,

            Justice Davis, and

            Justice Scoggins

Affirmed

Opinion
delivered and filed February 16, 2011

Do
not publish

[CR25]